UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF SHARON LOUISE MACDONELL,<br><br>Applicant | No. 2:20-cv-1332 KJM DB<br><br><u>ORDER</u> |

On July 1, 2020, Sharon Louise MacDonell, ("Applicant"), filed an ex parte application to issue subpoenas pursuant to 28 U.S.C. § 1782 in connection with an action pending in another country.  (ECF No. 1.)  The matter has been referred to the undersigned pursuant to Local Rule 302(c)(1).  For the reasons explained below, Applicant's request is granted.

**BACKGROUND**

Applicant and Roger MacDonell were married in California on October 3, 1992.  (Mem. P & A (ECF No. 1) at 3.)  After the couple and their four children moved to France, Roger MacDonell initiated divorce proceedings in France on September 4, 2010.  (<u>Id.</u>)  During those proceedings "the French Court and Applicant have been working to obtain information regarding both" the relevant community assets and Roger MacDonell's financial assets.  (<u>Id.</u> at 4.)  "However, the French Court has found that, 'Roger MacDonell displays a definite reluctance

////

when it comes to explaining his actual resources and the income derived from his invested capital.'" (Id. at 4.)

In December of 2017, Applicant filed an filed an ex parte application seeking the right to serve third party subpoenas on Shipping Solutions, L.P., CGI Franchise System, Inc., Wells Fargo Bank, N.A., and The Vanguard Group pursuant to 28 U.S.C. § 1782 in connection with the French Court action.[1] The magistrate judge assigned to that action granted that request in an order filed on December 15, 2017. See In re Application of Sharon Louise MacDonell, No. 2:17-mc-0189 TLN AC, 2017 WL 6448050, (E.D. Cal. Dec. 15, 2017). Applicant now seeks leave to serve third party subpoenas again on Shipping Solutions, L.P., Wells Fargo Bank, N.A., and The Vanguard Group, as wells as on Worldwide Express Holdings, LLC, because the information obtained pursuant to the December 2017 order "is now out-of-date."[2] (Mem. P & A (ECF No. 1) at 5.)

## ANALYSIS

"If foreign tribunals and parties to their proceedings need evidence from third parties located in the United States, they may take discovery of such evidence through a court-supervised procedure enacted by Congress." In re Ex Parte Application of Qualcomm Incorporated, 162 F.Supp.3d 1029, 1032 (N.D. Cal. 2016). Specifically, 28 U.S.C. § 1782 provides, in relevant part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.

---

[1] Roger MacDonell established both CGI Franchise Systems, Inc., and Shipping Solutions, LP. (Mem. P & A (ECF No. 1) at 2.)

[2] Worldwide Express Holdings, LLC, purchased CGI Franchise Systems, Inc., in August of 2007, and Shipping Solutions, L.P. was sold to Worldwide Express Holdings, LLC in August of 2019. (Mem. P & A (ECF No. 1) at 5.)

> The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

"The statute's purpose is twofold: to 'provid[e] efficient assistance to participants in international litigation' and to 'encourag[e] foreign countries by example to provide similar assistance to our courts.'" Akebia Therapeutics, Inc. v. FibroGen, Inc., 793 F.3d 1108, 1110 (9th Cir. 2015) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 252 (2004)).

"Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" Khrapunov v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019) (citing 28 U.S.C. § 1782(a)).

## ANALYSIS

For the same reasons found by this court previously, the undersigned finds that "Applicant has met the three statutory requirements of 28 U.S.C. § 1782." In re MacDonell, 2017 WL 6448050, at *3. In this regard, Applicant has made a prima facie showing that Shipping Solutions, L.P., Wells Fargo Bank, N.A., The Vanguard Group, and Worldwide Express Holdings, LLC can be found in the Eastern District. (Mem. P & A (ECF No. 1) at 8.) The discovery is sought in connection with a pending French Court divorce proceeding. And the pending divorce proceedings in the French Court satisfy the requirement that Applicant be an interested person.

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." Khrapunov, 931 F.3d at

926.  "The § 1782 discretionary factors include, primarily, whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and whether the request is 'unduly intrusive or burdensome.'"  In re Premises Located at 840 140th Ave. NE, Bellevue, Wash., 634 F.3d 557, 571 (9th Cir. 2011) (quoting Intel, 542 U.S. at 264-65).

Here, the undersigned finds that the "discretionary factors weigh in favor of granting the application[.]"  In re MacDonell, 2017 WL 6448050, at *4.  In this regard, French Courts are receptive to mutual judicial cooperation in civil matters.  Id. at 3.  The applicant is not attempting to circumvent foreign-proof gathering.  To the contrary, Applicant is seeking evidence which may not be accessible by other means to aid foreign-proof gathering.  And review of the application finds that the requests do not appear to be unduly intrusive or burdensome.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Applicant's July 1, 2020, ex parte application to issue subpoenas pursuant to 28 U.S.C. § 1782 is granted;

2. Applicant may issue subpoenas for documents consist with Applicant's Exhibit A (ECF No. 1-2) to Wells Fargo Bank, N.A, Worldwide Express, Inc., The Vanguard Group, and Shipping Solutions, L.P.;

3. Wells Fargo Bank, N.A, Worldwide Express, Inc., The Vanguard Group, and Shipping Solutions, L.P., shall produce the requested documents at the offices of Applicant's counsel, Farella Braun + Martel LLP, 235 Montgomery Street, 17th Floor, San Francisco, CA 94104; and

////
////
////
////

4. Applicant shall serve a copy of this order on Wells Fargo Bank, N.A, Worldwide Express, Inc., The Vanguard Group, and Shipping Solutions, L.P.

Dated:  July 10, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\macdonell1332.forg.disc.ord